[Civ. No. 9145. First Appellate District, Division One.—November 9, 1934.]

SEBASTIANO DE LUCA, Respondent, v. RED SALMON CANNING CO. (a Corporation), Appellant.

F. V. Keesling, C. A. S. Frost and Garton D Keyston for Appellant.

Joseph E. Isaacs, Alan H. Critcher and Henry Heidelberg for Respondent:

JAMES, J., *pro tem.*—In 1930 the plaintiff signed shipping articles with the defendant corporation, engaging to work on defendant's steamship "Hyades" out of San Francisco for the Alaska fishing grounds in the triple capacity of seaman, stevedore and fisherman. While working in the hold of the vessel, unloading the cargo at their port of call in Alaska, the plaintiff was struck by a sling load of lumber, which threw him against some pieces of structural iron, resulting in a bruise of his wrist from which developed an arterial disease—the result of which has been the loss of two of his fingers. The case was tried before a jury in the lower court, and resulted in a judgment for the plaintiff in the sum of eighteen thousand dollars ($18,000). The action is prosecuted under the provisions of a federal statute known as the Jones Act.

It is contended by appellant that because the plaintiff was engaged in unloading the cargo in port he was acting as a stevedore and not as a member of the crew of the vessel and that, therefore, he would be relegated to the provisions of the Longshoremen's and Harbor Workers' Compensation Act for his relief and would be excluded from any benefit under the provisions of the Jones Act.

The authorities cited by appellant on this score are not convincing. Plaintiff signed the shipping articles as a member of the crew and was ordered into the hold of the vessel to unload the cargo. He was still a member of the crew and was performing these labors under order of his superiors on the vessel; and while so engaged received the injury complained of in the regular course of his employment. The action, therefore, falls under the provisions of the Jones Act.

There was sufficient evidence of negligence to support the judgment, and we find no reason for a reversal thereof upon that ground.

We can find in the evidence nothing which would justify the defense of assumed risk.

Defendant has set up a release signed by the plaintiff after the occurrences in question, and relies upon the same as a defense to the action. This release was both pleaded and proved in the trial, and the plaintiff's answer thereto was an ignorance of its contents on his part. Con-

siderable evidence was adduced regarding the circumstances under which this release was executed and the jury was fully and properly instructed upon that phase of the case. By its verdict in plaintiff's favor the jury impliedly found that the release was not understood by the plaintiff when he executed the same, and this court, of course, will not go behind that implied finding.

We have examined the instructions, which are challenged by appellant, and find no errors therein which would justify a reversal.

Appellant finally complains of the amount of the verdict as being excessive, and with this contention we are inclined to agree. The plaintiff lost two fingers of his major hand. It may be noted that one of these fingers had been deformed since youth. There is some evidence in the record of a further loss in the future—all of which is conjectural. The size of this verdict for the extent of the injury would seem to us to be so far out of line as to suggest that it was rendered under the influence of passion or prejudice. We believe that any judgment in this case beyond the sum of eight thousand dollars ($8,000) would be excessive. It is accordingly ordered that the judgment herein be reduced to the sum of eight thousand dollars ($8,000), and the judgment, as so reduced, is hereby affirmed, the appellant to recover the costs of appeal.

Cashin, J., and Knight, Acting P. J., concurred.